# EXHIBIT A

BARRY A. CLARK
CLARK & PLATT, CHTD.
417 Poyntz Avenue
Manhattan, Kansas 66502
Tele: 785-539-6634
Fax: 785-539-2617
barry@clarkplatt.com
Attorneys for Plaintiff

## IN THE DISTRICT COURT OF REPUBLIC COUNTY, KANSAS
(Pursuant to Chapter 60 of K.S.A.)

FELICITAS ROMONA CORNETT,

                                        Plaintiff,

        vs.                                                     Case No. 2020 CV ___

RIVERSIDE TRANSPORTATION INC. AND
JAC'LON ENEA MILLER

## SUMMONS

To:     RIVERSIDE TRANSPORT, INC.
        5400 KANSAS AVENUE
        KANSAS CITY, KS 66106

        A lawsuit has been filed against you. Attached you will find the *Petition* and *Plaintiff's First Interrogatories to Defendant, Riverside Transportation, Inc.,* and *Plaintiff's First Request for Production of Documents, to Defendant Riverside Transportation, Inc.*

        Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached petition or a motion under K.S.A. 60-212. The answer or motion must be served on the plaintiff's attorney, at the following address:

        BARRY A. CLARK
        CLARK & PLATT, CHTD.
        417 Poyntz Avenue
        Manhattan, Kansas 66502

        If you fail to file an answer or motion as described above, judgment by default will be entered against you for the relief demanded in the petition. You also must file your answer or motion with the court.

        If you file an answer, any related claim which you may have against the plaintiff must be stated as a counterclaim in your answer. If you fail to do so you will thereafter be barred from making such claim in any other action.

Date December 17, 2020                                  Clerk of the District Court

Clerk's Seal                                            By _____

                                                        Deputy

ELECTRONICALLY FILED
2020 Dec 17 PM 1:23
CLERK OF THE REPUBLIC COUNTY DISTRICT COURT
CASE NUMBER: 2020-CV-000016



Court:          Republic County District Court

Case Number:    2020-CV-000016

Case Title:     Felicitas Romona Cornett vs. Riverside
                Transportation Inc

Type:           Summons - Riverside


SO ORDERED.

/s/ Mary Gustin, Deputy Clerk


Electronically signed on 2020-12-17 13:23:48    page 1 of 3

## Authority

K.S.A. 60-302, 60-213(a), 60-303, 60-308, and 60-312.

## Notes on Use

The summons must be signed by the clerk or deputy, dated the day it is issued, and bear the court's seal. K.S.A. 60-302.

The time within which an Answer or other responsive pleading is to be filed by a party served with process is:

- 21 days for a defendant served in-state other than an insurance company served under K.S.A. 40-218, K.S.A. 60-212;
- if a defendant is served out-of-state no default may be taken against that defendant until 30 days after service, K.S.A. 60-308;
- 40 days for an insurance company when service is made on the commissioner of insurance under K.S.A. 40-218;

unless otherwise provided by law. The times within which a responsive pleading must be filed are exclusive of the date of service of process.

The sheriff of the county in which the action is filed must serve any process by any method authorized by K.S.A. 60-303, or as otherwise provided by law, unless a party, either personally or through an attorney, notifies the clerk that the party elects to undertake responsibility for service. K.S.A. 60-303(b).

The sheriff shall endorse upon every summons, order of arrest, or for the delivery of property, or of attachment, injunction execution or order of sale, the day and hour it was received by him or her. The sheriff shall execute every summons, order or other process and return the same as required by law. K.S.A. 60-2602.

Methods of service of process within this state are described in K.S.A. 60-303. Methods of service of process outside the state are described in K.S.A. 60-308. Persons to be served are set forth in K.S.A. 60-304.

Methods of service described in K.S.A. 60-303 are service by return receipt delivery [K.S.A 60-303(c)], and personal and residence service [K.S.A. 60-303(d)]. Service by publication is authorized by K.S.A. 60-307. Additional methods of serving garnishment process include service by first-class mail, telefacsimile, and internet electronic mail [K.S.A. 60-303(f)].

An acknowledgment of service on the summons is equivalent to service. The voluntary appearance by a defendant is equivalent to service as of the date of appearance. K.S.A. 60-303(e).

K.S.A. 60-308 provides that service of process may be made upon any party outside the state. If service of process is made upon a person domiciled in this state or upon a person who has submitted to the jurisdiction of the courts of this state, it shall have the force and effect of service of process within this state; otherwise it shall have the force and effect of service by publication.

Service of process outside the state shall be made (A) in the same manner as service within this state, by an officer authorized to serve process in this state or in the state where the party is served or (B) by service by return receipt delivery. No order of a court is required.

Pursuant to K.S.A. 60-203 a civil action is commenced at the time a petition is filed with the court if service of process is obtained or the first publication is made for service by publication within 90 days after the petition is filed, except that the court may extend that time an additional 30 days upon a showing of good cause by the plaintiff. If service of process or first publication is not made within the 90 day time period, or within the 60-308-day extension of time for service, the action is deemed commenced as of the date of service of process or first publication.

An officer or other person receiving a summons or other process must file a return of service not later than 14 days after the service is effected. If the process cannot be served it must be returned to the court within 30 days after the date issued with a statement of the reason for the failure to serve it, except the court may extend the time for service up to 90 days after the date issued. Upon receipt of the return on any summons or other process, the clerk must serve a copy of the return on the attorney for the party requesting issuance of the summons or other process or, if the party has no attorney, on the requesting party. K.S.A. 60-312(d).

K.S.A. 60-303 provides for service of process by return receipt delivery which is effected by certified mail, priority mail, commercial courier service, overnight delivery service, or other reliable personal delivery service to the party addressed, in each instance evidenced by a written or electronic receipt showing to whom delivered, the date of delivery, the address where delivered, and the person or entity effecting delivery. K.S.A. 60-303(c)(1).

After service and return of the return receipt, the sheriff, party, or party's attorney must execute and file a return of service. The return of service must state the nature of the process, to whom delivered, the date of delivery, the address where delivered, and the person or entity effecting delivery. It must include a copy of the return receipt evidencing delivery. K.S.A. 60-303(c)(4).

If the sealed envelope is returned with an endorsement showing refusal to accept delivery, the sheriff, party, or the party's attorney may send a copy of the process and petition or other document by first-class mail, postage prepaid, addressed to the party to be served, or may elect other methods of service. If mailed, service is considered to be obtained three days after the mailing. Mailing must be evidenced by a certificate filed with the clerk. If the unopened envelope sent by first-class mail is returned as undelivered for any reason, service is not obtained and the sheriff, party, or party's attorney must file an amended certificate with the clerk indicating non-delivery. Mere failure to claim the sealed envelope sent by return receipt delivery is not refusal of service within the meaning of this subsection. K.S.A. 60-303(c)(5).

Proof of personal and residence service must be filed with the court and made as follows:

(1) Every officer to whom summons or other process is delivered for service must make a statement subject to penalty of perjury as provided in K.S.A. 21-3805, and amendments thereto, as to the time, place, and manner of service. K.S.A. 60-312(a)(1).

(2) If process is delivered to a person, other than an officer, for service, the person must make an affidavit or a declaration pursuant to K.S.A. 53-601, and amendments thereto, showing as to the time, place, and manner of service. K.S.A. 60-312 (a)(2).

When service is made outside this state, the server must file an affidavit or a declaration pursuant to K.S.A. 53-601, and amendments thereto, or any other competent proof, stating the time, manner, and place of service. The court may consider the affidavit or declaration or any other competent proof in determining whether service has been properly made. K.S.A. 60-308(a)(2).

ELECTRONICALLY FILED
2020 Dec 17 AM 11:08
CLERK OF THE REPUBLIC COUNTY DISTRICT COURT
CASE NUMBER: 2020-CV-000016

BARRY A. CLARK
CLARK & PLATT, CHTD.
417 Poyntz Avenue
Manhattan, Kansas 66502
Tele: 785-539-6634
Fax: 785-539-2617
barry@clarkplatt.com
Attorneys for Plaintiff

## IN THE DISTRICT COURT OF REPUBLIC COUNTY, KANSAS
(Pursuant to Chapter 60 of K.S.A.)

FELICITAS ROMONA CORNETT,

                              Plaintiff,

vs.

RIVERSIDE TRANSPORTATION INC. AND
JAC'LON ENEA MILLER

                            Defendants

Case No. 2020 CV ____

## PETITION

COMES NOW the Plaintiff, FELICITAS ROMONA CORNETT (CORNETT), by and through counsel, CLARK AND PLATT, CHARTERED, of Manhattan, Kansas, and for her petition states as follows:

1.      CORNETT is an individual residing in Washington County, Kansas.

2.      JAC'LON ENEA MILLER (MILLER) is an individual who may be served with process at 2908 Vineyard Drive, Arlington, TX 76015.

3.      RIVERSIDE TRANSPORTATION, INC aka RIVERSIDE TRANSPORT, INC. (RIVERSIDE) is a corporation with a primary place of business at 2827 West State Rd. 66, Rockport, IN 47635 and also does business at 5400 Kansas Avenue, Kansas City, Kansas 66106.

4.      RIVERSIDE may be served through its resident agent for service of process, S & B CORPORATE SERVICES, INC.

CORNETT v. MILLER, et al.                                                    PETITION

5.    On October 24, 2020, in Republic County, Kansas, CORNETT, was driving a 1987 Chevrolet Blazer westbound on US Highway 36.

6.    At the same time and place, MILLER was driving a 2018 Peterbilt semi-tractor truck with a 53 foot long trailer westbound, following CORNETT.

7.    At the same time and place, MILLER attempted to pass CORNETT but while in the passing lane alongside CORNETT, MILLER encountered oncoming traffic. MILLER drove her semi-tractor truck and trailer into CORNETT'S lane of traffic, violently striking the vehicle CORNETT was driving and forcing it off the roadway on to a field access driveway embankment where second a violent collision took place.

8.    As a consequence of the collisions, CORNETT sustained serious injuries which required significant medical treatment, including surgery, and stays in a hospital and physical rehabilitation facility.

9.    The injuries suffered by CORNETT during the incident required medical treatment having a reasonable value of more than $2,000.00.

10.   The injuries suffered by CORNETT during the incident have caused her pain and suffering, inconvenience, loss of time, and disability.

11.   The injuries suffered by CORNETT during the incident and the required medical treatment for said injuries have caused CORNETT to lose income.

12.   CORNETT was not at fault in any way in causing the incident.

13.   CORNETT was not at fault in any way in causing the injuries which she suffered because of the incident.

CORNETT v. MILLER, et al.                                                      PETITION

---

13.     CORNETT, as a result of the incident, suffered damages in excess of Seventy-five

Thousand Dollars ($75,000.00).

## NEGLIGENCE CLAIM AGAINST MILLER
### COUNT I

14.     The allegations set forth above in paragraphs 1 through 13 are incorporated into

this Count I.

15.     The negligence, inattentive driving and carelessness of MILLER was the cause of

the incident.

## *RESPONDEAT SUPERIOR*
### COUNT II

16.     The allegations set forth above in paragraphs 1 through 15 are incorporated into

this Count II.

17.     On October 24, 2020, at the time of the collision MILLER was an employee of

RIVERSIDE.

18.     At the time of the incident MILLER was acting within the scope of her employment

with RIVERSIDE.

36.     RIVERSIDE is liable to CORNETT, for the injuries and damages that she sustained

as a result of the incident, under the theory of *respondeat superior*.

**WHEREFORE**, CORNETT requests that this Court assess and determine the fault and

liability of MILLER and RIVERSIDE and enter judgment herein in favor of CORNETT

against MILLER and RIVERSIDE for CORNETT'S damages in an amount in excess of Seventy-

five Thousand Dollars ($75,000.00).  CORNETT further requests that the costs of this action be

CORNETT v. MILLER, et al.                                                    PETITION

---

assessed against MILLER and RIVERSIDE, and each of them; and such other and further relief

as the Court deems to be just and appropriate.

Respectfully submitted,

*FELICITAS RAMONA CORNETT*
Plaintiff

## VERIFICATION

STATE OF KANSAS        )
                       ) ss:
COUNTY OF Washington   )

Felicitas Ramona Cornett, of lawful age, being first duly sworn upon oath, alleges and
states that she is the plaintiff aforementioned; that she has read the above and foregoing petition,
knows the contents thereof, and all the allegations therein contained are true and correct.

*FELICITAS RAMONA CORNETT*
Plaintiff

Subscribed and sworn to before me this 9th day of December 2020.

NOTARY PUBLIC - State of Kansas
NICOLE J. BERGER
My Appt. Expires 12/04/2024

NOTA_____

## REQUEST FOR JURY TRIAL

**COMES NOW** CORNETT, by and through one of her attorneys, BARRY CLARK of

the law firm CLARK & PLATT, CHARTERED, and requests that the above entitled matter be

tried to a jury of twelve (12) persons.

CLARK & PLATT, CHARTERED
E-Mail: barry@clarkplatt.com

By _____
BARRY CLARK, No. 13083
Attorneys for Plaintiff

Page | 4

BARRY A. CLARK
CLARK & PLATT, CHTD.
417 Poyntz Avenue
Manhattan, Kansas 66502
Tele: 785-539-6634
Fax: 785-539-2617
barry@clarkplatt.com
Attorneys for Plaintiff

## IN THE DISTRICT COURT OF REPUBLIC COUNTY, KANSAS
(Pursuant to Chapter 60 of K.S.A.)

FELICITAS R. CORNETT,

Plaintiff,

vs.

Case No. 2020-CV-000016

RIVERSIDE TRANSPORTATION, INC. aka
RIVERSIDE TRANSPORT, INC. and JAC'LON
ENEA MILLER,

Defendants.

## PLAINTIFF'S FIRST INTERROGATORIES TO THE DEFENDANT, RIVERSIDE TRANSPORTATION, INC. AKA RIVERSIDE TRANSPORT, INC.

COMES NOW the Plaintiff, FELICITAS R. CORNETT, by and through one of her

attorneys, BARRY A. CLARK, of the law firm CLARK & PLATT, CHARTERED, of

Manhattan, Kansas, and propounds the following interrogatories to the Defendant, RIVERSIDE

TRANSPORTATION, INC., aka RIVERSIDE TRANSPORT, INC. (RIVERSIDE) to be

answered separately, fully, under oath and in writing within forty-five (45) days, all as required

by K.S.A. 60-233.  These interrogatories are continuing in nature, and if the Defendant,

RIVERSIDE, after answering and returning these interrogatories, obtains knowledge which

would have produced additional or different answers than that given by the Defendant,

RIVERSIDE, then it is required to forthwith submit such different or additional answers to the

Plaintiff, in writing and under oath supplementing its original answers.

## DEFINITIONS

### Document

As used herein, the term "document" means any medium upon which intelligence or information can be recorded or retrieved, and includes, without limitation, the original or copies of any written, recorded, or graphic matter, however produced or reproduced, including, but not limited to, any book, pamphlet, periodical, letter, correspondence, telegram, invoice, contract, purchase order, estimate, report, memoranda, intra-office communication, working paper, record, study, paper, work sheet, cost sheet, estimating sheet, bids, bills, time cards, work records, chart, graph, index, data sheet, data processing card, or tape, recordings, transcriptions thereof, photographs, objects, or tangible things and all other memorials of any conversations, meetings, and conferences, by telephone or otherwise, and any other writing or recording, which is in your possession, custody or control, in the possession, custody or control of your agents or attorneys, or which was but is no longer in your possession, custody or control, which would constitute or contain evidence relating to any matter which is relevant to the subject matter involved in this proceeding.

### Identification

As used herein, the terms "identification," "identify," or "identity" when used in reference to a person or persons means to state the name, address, and telephone number of each such person and the name of the present employer and place of employment of each such person. When used in reference to a document or documents, such terms mean to describe each such document by date, subject matter, name of each person who wrote, signed, initialed, dictated or otherwise participated in the creation or obtaining of such document, the name of each addressee (if any) and, if it now exists, the name and address of each person having custody of such document. When used in reference to an act, event, occurrence, statement of conduct (hereinafter "act") "identify," "state" and "describe" mean: (1) to describe the event or events

constituting such act; (2) to state the date when such act occurred; (3) to identify each person participating in such act; (4) to identify each other person, if any, present when such act occurred; (5) to identify each document which in any way refers to, discusses, analyzes, comments upon or otherwise relates to such act; and (6) to state whether each such document now exists.

## You

As used herein, the term "you," "your," or "yourself" refers to the Defendant, RIVERSIDE TRANSPORTATION, INC. aka RIVERSIDE TRANSPORT, INC. and each of its agents, representatives, and attorneys and each person acting on its behalf.

## Representative

As used herein, the term "representative" means any and all agents, employees, servants, officers, directors, attorneys, or other persons acting or purporting to act on behalf of the person in question.

## Communication

As used herein, the term "communication" means any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons.

## Identification of Documents

With respect to each interrogatory, in addition to supplying the information requested, you are to identify all documents that support, refer to, or evidence the subject matter of each interrogatory and your answer thereto.

If any or all documents identified herein are no longer in your possession, custody or control because of destruction, loss, or any other reason, then do the following with respect to each and every such document: (a) describe the nature of the document (e.g., letter or

memorandum); (b) state the date of the document; (c) identify the persons who sent and received the original and a copy of the document; (d) state in as much detail as possible the contents of the document; and (e) state the manner and date of disposition of the document.

If you contend that you are entitled to withhold from production any or all documents identified herein on the basis of the attorney-client privilege, the work-product doctrine, or other ground, then do the following with respect to each and every document: (a) describe the nature of the document (e.g., letter or memorandum); (b) state the date of the document; (c) identify the persons who sent and received the original and a copy of the document; (d) state the subject matter of the document; and (e) state the basis upon which you contend you are entitled to withhold the document from production.

### Contention Interrogatories

When an interrogatory requires you to "state the basis of" a particular claim, contention, or allegation, state in your answer the identity of each and every communication and each and every legal theory that you think supports, refers to, or evidences such claim, contention, or allegation.

### The Word "Or"

As used herein, the word "or" appearing in an interrogatory should not be read so as to eliminate any part of the interrogatory, but, whenever applicable, it should have the same meaning as the word "and." For example, an interrogatory which states "support or refer" should be read as "support and refer" if an answer that does both can be made.

## INTERROGATORIES

1.      State the name, address, telephone number and email address of the person or persons who provided information in answering these interrogatories.

Answer:


2.      Is Riverside Transportation, Inc. one and the same as the entity registered as Riverside Transport, Inc. with the Kansas Secretary of State as identified in the For Profit Corporation Annual Report and the Resident Agent Amendment which are attached as Exhibits A and B?

Answer:


3.      Is Riverside Transport, Inc. registered with the United States Department of Transportation?

Answer:


4.      If your answer to interrogatory number 3 is in the affirmative state the registration number assigned to Riverside Transport, Inc. by the United States Department of Transportation:

Answer:


Respectfully submitted,

BARRY A. CLARK, #13083

## VERIFICATION

State of _____, County of _____, ss:

_____, on behalf of _____, of lawful age and being first duly sworn upon oath, alleges and states that he/she is the agent of _____, one of the Defendants/Plaintiffs herein; that he/she has answered the foregoing PLAINTIFF'S FIRST INTERROGATORIES TO THE DEFENDANT, RIVERSIDE TRANSPORTATION, INC. aka RIVERSIDE TRANSPORT, INC. and that the answers typed thereon are true and correct to the best of his/her knowledge and belief.

_____ on behalf of
RIVERSIDE TRANSPORTATION, INC.
aka RIVERSIDE TRANSPORT, INC.

Subscribed and sworn to before me this _____ day of _____, 20___.

_____
Notary Public

My Appointment Expires: _____

## RETURN OF SERVICE

I hereby certify that the original of the above and foregoing Answers to Interrogatories to Defendant were deposited in the U.S. Mail, postage prepaid on the _____ day of _____, 2021, addressed to:

      Barry A. Clark
      Clark & Platt, Chtd.
      417 Poyntz Ave.
      Manhattan, KS  66502

_____ on behalf of
RIVERSIDE TRANSPORTATION, INC.
aka RIVERSIDE TRANSPORT, INC.

EXHIBIT A

# For Profit Corporation Annual Report



1. Corporation Name: RIVERSIDE TRANSPORT, INC.
2. Business Entity ID No.: 4181772
3. Tax Closing Date: December 2019
4. State of Incorporation: DE
5. Official Mailing Address:
   MICHAEL S MARTIN, 5400 Kansas Avenue ,
   KANSAS CITY KS 66106
6. Location of Principal Office:
   5400 Kansas Avenue , Kansas City KS 66106

Electronic File Stamp
Information:

Filed

Date:09/04/2020
Time:
09:31:58 AM

7. Officers:

Michael S. Martin - Secretary or equivalent (This officer is also a director)
2305 W. 95th Street Leawood, KS 66206

William M. Grojean - President or equivalent (This officer is also a director)
6430 Belinder Mission Hills, KS 66208

8. Directors:

William Grojean - 5400 Kansas Avenue Kansas City, KS 66106

9. Nature and kind of business:

"To engage in any lawful act or activity for which the entity may be organized under the laws of Kansas."

10. Total number of shares of capital stock issued: 7000

11. Does this corporation hold more than 50% equity ownership in any other business entity on file with the Kansas Secretary of State? No

12. Does this corporation own or lease land in Kansas suitable for use in agriculture? No

Federal Employer Identification Number (FEIN): 0200750038

"I declare under penalty of perjury pursuant to the laws of the state of Kansas that the foregoing is true and correct."

Executed on September 04, 2020

Signature of Authorized Officer: Mike Martin

Title/Position of the signer: Secretary

KANSAS SECRETARY OF STATE
NON-CERTIFIED WEB COPY
12/3/2020 11:31:04 AM

EXHIBIT B

# Kansas Secretary of State

## Resident Agent and/or Registered Office Amendment

- File Date: 2016-06-17
- File Time: 09:51:

1. Business Entity Name:  RIVERSIDE TRANSPORT, INC.
2. Business Entity Number:  4181772
3. Resident Agent: S & B CORPORATE SERVICES, INC.
4. Registered Office: 10540 Walmer Street  Overland Park, KS  66212

"I declare under penalty of perjury pursuant to the laws of the state of Kansas that the foregoing is true and correct."

Executed on the 17 of June , 2016.

Michael S. Martin
Authorized Officer

I, Kris W. Kobach, Secretary of State of Kansas, do hereby certify that this is the true and correct copy of the original document filed electronically on 17 of June , 2016.

Kris W. Kobach

To validate the authenticity of this electronically certified document please visit, https://www.kansas.gov/rora-amend/validate.do and enter the following authentication code: 201190

BARRY A. CLARK
CLARK & PLATT, CHTD.
417 Poyntz Avenue
Manhattan, Kansas 66502
Tele: 785-539-6634
Fax: 785-539-2617
barry@clarkplatt.com
Attorneys for Plaintiff

IN THE DISTRICT COURT OF REPUBLIC COUNTY, KANSAS
(Pursuant to Chapter 60 of K.S.A.)

| | | |
|---|---|---|
| FELICITAS R. CORNETT, | | |
| | Plaintiff, | |
| vs. | | |
| | | Case No. 2020-CV-000016 |
| RIVERSIDE TRANSPORTATION, INC. aka RIVERSIDE TRANSPORT, INC. and JAC'LON ENEA MILLER, | | |
| | Defendants. | |

**PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS FOR INSPECTION TO DEFENDANT, RIVERSIDE TRANSPORTATION, INC. AKA RIVERSIDE TRANSPORT, INC.**

COMES NOW the Plaintiff, FELICITAS R. CORNETT, by and through one of her attorneys, BARRY A. CLARK, of the law firm CLARK & PLATT, CHARTERED, of Manhattan, Kansas, and submits the following requests for production of documents and things for inspection to be answered by Defendant, RIVERSIDE TRANSPORTATION, INC.

Pursuant to *K.S.A. 60-234*, Plaintiff requests that Defendant, RIVERSIDE TRANSPORTATION, INC. aka RIVERSIDE TRANSPORT, INC. (RIVERSIDE) produce for inspection and copying the originals, or copies if there are no originals, of the documents and communications described or requested herein.

In accordance with the provisions of *K.S.A. 60-234*, as a reasonable time, place and manner for said production and inspection, Plaintiff specifies 10:00 a.m. on or before the tenth day after the date that you serve your answers to this first set of written discovery requests, at the

Page 1

law office of CLARK & PLATT, CHARTERED here the inspection and selection for photocopying of the documents shall take place.

In lieu of personal production of the requested documents at the above indicated place and time, you may mail copies of the requested documents to the office of CLARK & PLATT, CHARTERED, so long as the copies so mailed are completely legible; are received together with your answers to these written discovery requests.

As to each document you withhold from production, identify it by description (letters, memos, notes, contracts, etc.), date, author(s), recipient(s), number of pages and subject matter, and state the basis of your refusal to produce it.

You are requested to segregate documents produced according to the particular numbered request to which they respond and, in producing the requested documents, to indicate which documents pertain to which numbered requests. This request is intended to cover all documents in the possession of Defendant, RIVERSIDE or subject to the control or custody, wherever located, of Defendant, RIVERSIDE. Where RIVERSIDE appears in these requests for production and inspection it is intended apply to both RIVERSIDE TRANSPORTATION, INC. and RIVERSIDE TRANSPORT, INC.

## DOCUMENTS AND THINGS TO BE PRODUCED

Defendant, RIVERSIDE, is requested to produce and to allow the inspection of the following documents and things:

1.   The logbook for the period of time from 12:01 a.m. on October 22, 2020 through 11:08 a.m. on October 24, 2020 for Jac'Lon Enea Miller;

2.   All GPS records including digital in every format and print versions to the extent available, regarding the travels of the 2018 Peterbilt Tractor bearing vehicle identification number 1XPBDP9X6JD461735 registered in the name of Riverside Transportation, Inc. for the

Page 2

period of time from 12:01 a.m. on October 22, 2020 through 11:08 a.m. on October 24, 2020;

3.     A copy of the document retention policy of Riverside Transportation, Inc.;

4.     Transcripts of all statements given by Jac'Lon Enea Miller concerning the collision between the 2018 Peterbilt Tractor bearing vehicle identification number 1XPBDP9X6JD461735 and the vehicle being operated by the Plaintiff that occurred on October 24, 2020 on U.S. 36 Highway at 280 Road in Republic County, Kansas;

5.     Each and every document stating the terms and conditions concerning the performance of services by Jac'Lon Enea Miller for Riverside;

6.     All photographs in the possession of or accessible to Riverside which depict the trailer pulled by and connected to the 2018 Peterbilt Tractor bearing vehicle identification number 1XPBDP9X6JD461735 immediately prior to October 24, 2020 and after October 24, 2020;

7.     The collision report sent to the United States Department of Transportation by Riverside and any and all other communication between Riverside and the United States Department of Transportation regarding the wreck between the trailer being pulled by the 2018 Peterbilt Tractor bearing vehicle identification number 1XPBDP9X6JD461735 and the 1997 Chevrolet Blazer being driven by Felicitas R. Cornett on October 24, 2020;

8.     The satellite tracking device placed on the 2018 Peterbilt Tractor bearing vehicle identification number 1XPBDP9X6JD461735 on October 24, 2020 with the data for October 24, 2020 preserved;

9.     Each black box, event data recorder, and event logging device placed on the 2018 Peterbilt Tractor bearing vehicle identification number 1XPBDP9X6JD461735 on October 24, 2020 with the data for October 24, 2020 preserved.

The failure to allow reasonable discovery and to produce the requested documents and things or the destruction of information or data or any device containing information or data that is material or relevant to the collision between the semi-trailer operated may result in sanctions being entered against you pursuant to *K.S.A. 60-237*, including reasonable attorney fees, expenses and/or a motion and application for contempt of court.

Respectfully submitted,

BARRY A. CLARK, #13083

ELECTRONICALLY FILED
2021 Jan 11 PM 2:27
CLERK OF THE REPUBLIC COUNTY DISTRICT COURT
CASE NUMBER: 2020-CV-000016

## SHERIFFS RETURN

**THE STATE OF KANSAS**                                    **COUNTY OF WYANDOTTE**

CASE NO: 2020-CV-000016-A DEFENDANT: _Riverside Transportation / Jac'Lon Enea Miller_

I received this summons for service on the _5th_ day of _Jan._, 2021 @ _0900_ Hr's _AM_

I hereby certify the below service on this summons:

o **PERSONAL SERVICE:** By delivering a copy of said summons and a copy of the Petition to the defendant _____ at _____

o **RESIDENCE SERVICE:** By leaving a copy of said summons and a copy of the Petition at the usual place of residence of the defendant with_____, a person of suitable age and discretion residing therein, at, _____for, _____

o **AGENT SERVICE:** By delivering a copy of said summons and a copy of the petition to the Agent named, _Gary Miller (GM)_, authorized by appointment or by law to receive service of process at _5400 Kasas AVE_ for _Riverside Tras. / Jac'Lon Enea Miller_

o **RESIDENCE SERVICE and MAILING:** By leaving a copy of said service and copy of said petition at the usual place of residence of the defendant and mailing by first class mail a notice that such copies have been left at:_____for : _____

o **EVICTION:**
    Completed_____Cancelled_____

o **NO SERVICE:** The defendant was not found in this county after diligent search and inquiry.

o **COMMENT:**_____
    _____
    _____

**MOVED:**
    Per:_____

o **NO PROPERTY FOUND IN THIS COUNTY.**
o On The _5th_ day of _January_ 2021, @ _0900_ hrs

    By_ **T WILLIAMS** _____ #_**1882**__ Deputy Sheriff

Case #  RP-2020-CV-000016

Service Type: Personal Service        Wyandotte  County
Service On:

FELICITAS ROMONA CORNETT,                Plaintiff
vs                                                          RIVERSIDE TRANSPORT, INC.
                                                             5400 KANSAS AVENUE
RIVERSIDE TRANSPORTATION, INC., ET AL.,  Defendants    KANSAS CITY, KANSAS 66106

RETURN ON SERVICE OF _____

I hereby certify that I have served this  Summons with Petition & 1st Requests :

(1) **Personal Service.** By delivering a copy of such document to the above named party on the date indicated: _____
                                                                                                                                       (Date)

(2) **Residence Service.** By leaving a copy of such document at the usual place of residence of the above named party with a person of
suitable age and discretion residing therein on the date indicated: _____   _____
                                                                                                               (Name)                          (Date)

(3) **Agent Service.** By delivering a copy of such document to the following agent authorized by appointment or by law to receive
service of process on the date indicated: _____   _____
                                                             (Agent Name)                          (Date)

(4) **Residence Service and Mailing.** By leaving a copy of such document at the usual place of residence of the above named party
and mailing by first-class mail on the date indicated: _____
                                                                            (Date)

(5) **Service by Return Receipt Delivery.** By causing to be delivered on_____, a copy of such document by return receipt
delivery to the above named party at the above address with such delivery made by the following person or entity:
_____ attached hereto is a copy of the return receipt evidencing such delivery.
              (Name)

(6) **Return Receipt Refused.** By mailing a copy of such document by first-class mail, postage prepaid, addressed to the above
named party at the above address on the date indicated: _____
                                                                               (Date)

(7) **Facsimile:** By faxing a copy of such document to the above named party on the date indicated:
_____ at ___ ___     ( ___ ) ___ - _____     ( ___ ) ___ - _____
      (Date)            (Time)       (Number of transmitting machine)      (Number of receiving machine)

(8) **Avoidance of Service.** After diligent effort, I am satisfied that the above named party is secreting themselves in order to avoid the
process of the Court

(9) **No Service.** The following above named party was not served.


Pursuant to K.S.A. 53-601, as amended, I declare under the penalty of perjury that the foregoing is true and correct.

Executed on: _____


_____
Signature & Title of Officer or Process Server

Attorney Name:        BARRY A. CLARK
Attorney Address:     417 Poyntz Avenue
                              Manhattan, Kansas 66502

Attorney File Number:   13083

**RETURN TO:**
**Barry A. Clark**
**Clark & Platt, Chtd.**
**417 Poyntz Avenue**
**Manhattan, Kansas 66502**





# OFFICE of the SHERIFF
### Donald Ash, SHERIFF
## WYANDOTTE COUNTY
###### 710 NORTH 7TH STREET
KANSAS CITY, KANSAS 66101



Case #:  2020-CV-000016-A          Defendant: RIVERSIDE TRANSPORTATION INC

## Address:  5400 KANSAS AVE

(SERVE:  RIVERSIDE TRANSPORTATION INC, AND JAC'LON ENEA MILLER)

| Date | Time | Contact: Yes | No | Person in Contact With | Sticker: Yes | No | Notes | Deputy Info |
|------|------|-----|-----|-----------------------|-----|-----|-------|-------------|
| 1/5/21 | 0900 | ☒ | ☐ | Gary Martin- GM | ☐ | ☒ | | |
| | | ☐ | ☐ | | ☐ | ☐ | | |
| | | ☐ | ☐ | | ☐ | ☐ | | |
| | | ☐ | ☐ | | ☐ | ☐ | | |
| | | ☐ | ☐ | | ☐ | ☐ | | |
| | | ☐ | ☐ | | ☐ | ☐ | | |
| | | ☐ | ☐ | | ☐ | ☐ | | |

Additional Notes:

ELECTRONICALLY FILED
2021 Jan 26 PM 4:27
CLERK OF THE REPUBLIC COUNTY DISTRICT COURT
CASE NUMBER: 2020-CV-000016



**Court:**          Republic County District Court

**Case Number:**    2020-CV-000016

**Case Title:**     Felicitas Romona Cornett vs. Riverside
                    Transportation Inc

**Type:**           Clerk's Extension of Time to Answer or Otherwise
                    Plead

SO ORDERED.

/s/ Kris Kling, Clerk of the District Court

Electronically signed on 2021-01-26 16:27:13    page 1 of 3

**IN THE DISTRICT COURT OF REPUBLIC COUNTY, KANSAS**

FELICITAS ROMONA CORNETT,           )
                                    )
                    Plaintiff,      )
                                    )
v.                                  )          Case No. 2020-CV-0000116
                                    )
RIVERSIDE TRANSPORTATION, INC.      )
and JAC'LON ENEA MILLER,            )
                                    )
                    Defendants.     )

## <u>CLERK'S EXTENSION OF TIME TO ANSWER OR OTHERWISE PLEAD</u>

On application of John A. Watt of Baker Sterchi Cowden & Rice, LLC of Overland Park, Kansas,

attorney for defendant Riverside Transportation, Inc., said defendant is granted an additional fourteen (14)

days or until February 9, 2021, to answer or otherwise plead. This Order is effective as of the date and time

shown on the electronic file stamp.

**BY THE COURT IT IS SO ORDERED.**

Submitted by:

Baker Sterchi Cowden & Rice, LLC


/s/ John A. Watt
Shawn M. Rogers              KS #18888
John A. Watt                 KS #20175
51 Corporate Woods
9393 W. 110th St., Suite 500
Overland Park, Kansas 66210
(913) 451-6752
(816) 472-0288 Facsimile
rogers@bscr-law.com
watt@bscr-law.com
ATTORNEYS FOR DEFENDANT
RIVERSIDE TRANSPORTATION, INC.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 26th day of January, 2021, a true and correct

copy of the foregoing document was sent electronically and/or mailed to the following:

Barry A. Clark
Clark & Platt, Chtd.
417 Poyntz Ave.
Manhattan, KS 66502

ATTORNEYS FOR PLAINTIFF

*/s/ John A. Watt*